### WILLIAMS et v ORR et

Ohio Appeals, 5th Dist, Muskingum Co

No 478.   Decided November, 1932

became due in one year or whether or not this was qualified and the actual time fixed by the provision in the note for payment in installments of not less than Twenty-four Dollars each month.

The negotiable character of a promissory note is not affected by the fact that it is made payable by its terms on or before a future date therein named. Though the maker has a right to pay such note at any time after this date, yet for all purposes of negotiation it is to be regarded as a note payable solely on the date named therein. In the instant case it is plain and clear that the first clause in the note is definite and certain as to the due date, and the second clause therein creates an uncertainty; so the question arises, can the note be construed in favor of the last clause without totally destroying the definite date set out in the first clause?

Plaintiffs in error claim that the payment of twenty-four dollars per month for a year would not pay the note in full, and therefore it was the intent and purpose of the parties that the makers of the note would not be required to pay more than Twenty-four Dollars per month, which would include principal and interest, and that the makers could pay this sum until the principal and interest were fully paid in this manner.

The last statement in the note would tend to eliminate the first clause in the note, which reads, "On or before one year after date we promise to pay to the order of William A. Orr and Letty Orr Twenty-four Hundred Dollars, with interest at 7 percent. per annum."

It is not a question of what the intention of the parties was, but we are to be guided by the meaning of the clauses, and in the interpretation and construction we must leave the matter to arbitrary rules of law as laid down by the various courts. In the interpretation of a contract, the document is construed strictly against the person who prepared it and favorably to the person who had no voice in the selection of the language. It is to be presumed that one using words, uses them most favorably to his interest, and therefore all doubtful claims or ambiguous words are to be construed against him. He who speaks, should speak plainly, or the other party may explain to his own advantage.

The first clause in this note is perfectly clear. It is a guarantee that the money will be paid at a time named. The second

LEMERT, J.

The sole and principal question involved in this case is whether or not the note

clause should be equally clear before it is allowed to override and supersede such plain expression.

Where a paper is made payable on or before a fixed time, the maker simply has an option to pay it before the time fixed and the paper does not mature until the expiration of that time. The words "on or before" are of such common use in promissory notes as to be well understood to mean, immediately, at, or at any time in advance of a period named.

We are therefore of the opinion that the question at issue is settled and construed by finding that the first clause set out in said note and also in the mortgage, the same being plain, clear and unambiguous, has a precedent over the latter clause by rules of construction as above set forth, and it therefore follows that the judgment of the Common Pleas Court will be and the same is hereby affirmed. Exceptions may be noted.

GARVER, PJ, and SHERICK, J, concur.